UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE C. JONES,<br><br>      Plaintiff,<br><br>-against-<br><br>BANK OF NEW YORK MELLON TRUST COMPANY; OCWEN LOAN SERVICING, LLC,<br><br>      Defendants. | 23-CV-2104 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Plaintiff, who is currently incarcerated in Fort Lauderdale, Florida, is proceeding *pro se* and *in forma pauperis* (IFP). He filed a second amended complaint under the court's diversity of citizenship jurisdiction against Bank of New York Mellon Trust Company (BONYMTC) and Ocwen Loan Servicing, LLC (Ocwen).[1] For the following reasons, this action is transferred to the United States District Court for the Southern District of Florida.

## BACKGROUND

 The following facts are drawn from the second amended complaint, the operative pleading, which was filed on January 23, 2024. Plaintiff signed "an agreement with third part[y] Citi Financial Group the original beneficiary of" Mortgage Asset Management Series One Trust, "believ[ing] that [he] was receiving beneficial interest in" real property located at 1621 Seabreeze Blvd in Fort Lauderdale, Florida. (ECF 20 at 4.) He also "signed and executed a Certificate of Corporate Share to" BONYMTC. (*Id.*) When Plaintiff traveled "from Florida's west coast to inspect" the Seabreeze Blvd. property, he discovered that it was occupied. (*Id.*)

---

[1] The second amended complaint was filed in response to an order directing Plaintiff to amend his pleading to show that the Court has subject matter jurisdiction of the action. (ECF 17.)

Plaintiff filed "a legal action [in Florida] to quiet title," and that court entered judgment in his favor against the Estate of Robert G. Biz. (*Id.*) Later, a "local firm fought in court over the same issue however the firm purporting to represent [BONYMTC] did not, they represented [Ocwen] who was a servicing agent for [BONYMTC]." (*Id.*)

Plaintiff alleges that due to Defendants' "reckless and fraudulent" conduct, he "los[t his] liberty," and that he and his company, Tyrone C. Jones Company, Inc., suffered millions of dollars in losses. (*Id.* at 5.) He seeks damages and an order "voiding the stock transfer certificate," and "barring" Defendants from "us[ing] such stock transfer to raise its[s] valuation." (*Id.* at 5-6.) Plaintiff further alleges that he is a citizen of Florida, and he provides addresses in New York, New York for the Tyrone C. Jones Company Inc., BONYMTC, and Ocwen. (*Id.* at 2-3.)

Publicly available court records provide some context for Plaintiff's allegations. *See Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003)) (noting that courts may consider matters that are subject to judicial notice, including court records.) In 2021, Plaintiff won a default judgment in the lawsuit that he filed to quiet title in the 17th Judicial Circuit Court in Broward County, Florida. *See Jones v. Estate of Robert G. Biz*, No. 21-0007376. In 2022, that court granted BONYMTC's motions to intervene and to vacate the default judgment. That matter appears to remain pending.[2]

Also, Plaintiff is incarcerated on criminal charges of grand theft in the first degree, burglary of an unoccupied dwelling, criminal use of personal identification, and unlawful filing of false documents, in connection with the same Seabreeze Blvd. property at issue in this case,

---

[2] According to a BONYMTC filing in that case, in 2018, CitiBank N.A. filed a foreclosure action against G. Robert Biz in connection with the Seabreeze Blvd. property, an action to which Plaintiff was not a party. Case No. 18012667.

2

and other Florida properties. *See Jones v. State of Florida*, No. 23-CV-61361 (S.D. Fla July 28, 2023) (denying *habeas corpus* petition, filed under 28 U.S.C. § 2254, without prejudice, under *Younger v. Harris*, 401 U.S. 37 (1971)).

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff resides in Fort Lauderdale, Florida, where the property at issue is also located. It appears from the complaint and publicly available records that all of the events or omissions underlying Plaintiff's claims arose outside this District, although Plaintiff alleges that Defendants reside in this District. Even if the Court assumes that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Fort Lauderdale, Florida, venue would also be proper under Section 1391(b)(2) in the Southern District of Florida. *See* 28 U.S.C. § 89(c).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The real property at the center of this dispute is located in Florida; Plaintiff's criminal proceedings, which arise out of that property, are pending in Florida; Plaintiff and Defendants have litigated related issues in in state court in Florida; and Plaintiff does not reside in this district. Because Defendants are subject to personal jurisdiction in Florida, Plaintiff does not reside in this District, and a substantial part of the events or omissions giving rise to the claims appear to have occurred in Florida, it is reasonable to expect that all relevant documents and witnesses also would be located in Fort Lauderdale, Florida. The Southern District of Florida appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                      Chief United States District Judge